## BRENNAN *et al.* v. GASTON *et al.* No. 3092.

PLAINTIFFS sue defendants for damages for their alleged trespasses upon a certain portion of quartz mining claims, alleged in the complaint to be the property and in the possession of plaintiffs, asking an injunction against further trespasses, which was granted—the complaint averring the insolvency of defendants. The defendants deny all the allegations of the complaint, and claim ownership. The jury found generally "for defendants," and judgment was rendered in their favor for costs. Defendants then moved to amend the judgment by adding thereto the words " and that the injunction heretofore granted be, and the same is hereby dissolved," which was refused ; but the judgment was so modified as to permit defendants to work the surface diggings set up in their answer : *Held*, that the action amounted to an action of trespass, with an injunction as ancillary thereto ; and that the action itself having failed by the verdict for defendants, the injunction falls with it, and should have been dissolved.

This conclusion does not trench upon the positions—1st, that a judgment in trespass does not necessarily determine the title to the real estate alleged to be trespassed on ; and 2d, that upon a proper state of facts, an injunction may be a proper remedy upon an original bill in equity, to enjoin trespass and waste where the injury is irreparable and goes to the destruction of the inheritance.

APPEAL from the Ninth District.

Plaintiffs filed their complaint, alleging that in November, 1859, they found, located and took up four mining claims, in Shasta county ; that they complied with the mining rules and regulations existing in the district, and took possession of and commenced labor upon the said claims ; that defendants subsequently entered upon and took possession of a portion of the claims, and committed various trespasses by digging and sinking shafts, mining tunnels, removing quartz rock, washing surface dirt, etc. ; and that defendants were insolvent, and asked for an injunction restraining defendants, etc. The Judge granted the injunction.

Defendants in their answer denied specifically every allegation in plaintiffs' complaint, and set up that the mining claims upon which the alleged trespasses were committed belonged to them. The case was tried before a jury ; verdict for defendants, and judgment rendered in their favor for costs. Subsequently defendants moved to amend the judgment by adding thereto the words " and that the injunction in this case heretofore granted be, and the same

is hereby dissolved." This motion was denied ; but the injunction was so modified as to permit defendants to work the surface diggings as set out in their answer.

From the refusal of the Judge to amend the judgment as asked for, and from the order modifying and perpetuating the injunction, defendants appeal.

*Monson & Sunderland*, for Appellants.

The verdict of the jury entitled appellants to a dismissal of the action and to a dissolution of the injunction. (*Hoyt* v. *Carter*, 7 How. Prac. R. 140 ; *Rutler et al.* v. *Smith*, 2 Kelly, 265.)

*R. T. Sprague*, for Respondents.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

In this case plaintiffs filed their complaint asserting their right to certain mining claims, and complaining of the defendants' unlawful intrusion upon them. An injunction was granted restraining certain acts of trespass done and threatened by defendants, upon an allegation, among others, of the insolvency of the defendants. The case was tried, and a verdict found for the defendants. Judgment was entered in accordance with the verdict. After the rendition of the verdict and judgment, defendants moved for a dissolution of the injunction, but the Court refused to grant the motion as made, and made an order modifying the injunction order so as to permit the defendants to work the surface diggings, as set out in their answer. From this action of the Court, refusing to dissolve the injunction unconditionally, the defendants appeal.

We regard the action substantially as an action of trespass, and the injunction as an order in aid of the action. We cannot perceive any reason for continuing the injunction after the main suit has been disposed of. It may be very true that the judgment in trespass does not necessarily determine the title to the property alleged to be trespassed upon, when that property is real estate ; and it may also be true that, upon a proper state of facts, an injunction may be a proper remedy upon a bill in equity, as an original pro-

ceeding, to enjoin acts of trespass and waste where the injury is irreparable and goes to the destruction of the inheritance. But this does not affect the question here. The plaintiffs, upon a trial so far, have failed to show that they have any cause of action against the defendants ; and having failed in their action, after trial cannot claim to retain an injunction which was merely ancillary to that action, and a portion of the remedy for its successful prosecution. If the defendants have, as argued by the counsel for respondents, succeeded only upon the ground that they were entitled to a qualified possession of the premises—that is, to work a portion of the ground as surface diggings—and if the verdict and judgment only affirm this right, and the plaintiffs have the right to the possession of their quartz claims and the land necessary to work them, then any encroachment by the defendants hereafter upon these rights of the plaintiffs can be protected and redressed in due course of law, notwithstanding the verdict and judgment. But as this case is presented to us, we can only regard this as an action of trespass — which is a legal action — and an injunction ancillary to it; and the action of trespass having been decided, the order made in the course of the proceeding falls with the principal matter of which it is an accessory.

The case is remanded that the proper entry may be made, pursuant to this opinion.